(33 App. Div. 257.)

## In re BETTS.

(Supreme Court, Appellate Division, Third Department. September 23, 1898.)

ASSIGNMENTS FOR CREDITORS—ACCOUNTING—NOTICE TO SURETIES.

> The fact that a decree against an assignee is not conclusive against his bondsmen does not render harmless a failure to join them in a proceeding for a final settlement of the assignee's accounts, as required by the general assignment act, §§ 11, 13 (Laws 1877, c. 466, as amended).

Proceeding by Henry L. Betts, as assignee of Gilbert Foote, for a final settlement of his accounts. There was a decree against the assignee, and from an order of the county court, refusing to open the decree on the petition of the assignee's sureties, they appeal. Reversed.

This proceeding was instituted by the assignee before the county court for a final settlement of his accounts. Creditors and other persons interested in the assigned estate were cited to attend, but no citation or notice of the proceeding was served upon the sureties who executed such assignee's bond. The proceedings resulted in a decree surcharging the assignee's accounts with a considerable sum, arising out of his mismanagement. There are not funds enough in his hands to pay the amount charged against him, and, owing to his insolvency, his sureties are now called upon by the creditors to pay the same. Upon learning that such proceedings had been had, and such decree rendered, the sureties applied to the county court to open such decree, and allow them to come in as parties and be heard upon such accounting. An order was made denying such application, and from such order this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John M. Kellogg, for appellant.
H. D. Ellsworth, for respondent.

PER CURIAM. Section 11 of the general assignment act (Laws 1877, c. 466, as amended) requires that a citation must be issued to all parties interested, whenever a judicial settlement of the assignee's accounts is had. In any question affecting the assignee and a creditor only, it is sufficient to cite the assignee alone; but if in such a case the assignee chooses to go into a final settlement of his accounts, the citation to "all persons interested" required by section 11, and referred to in section 13, must then be issued. And section 13 plainly directs that such a citation must be served on the sureties of the assignee, as well as on all creditors and other parties interested. The proceeding before us was one inaugurated by the assignee for a final settlement of his accounts, and hence very clearly, under section 13, the sureties were entitled to be cited. It is claimed by both parties upon this motion that the decree rendered against the assignee in such proceeding is prima facie binding against the sureties. Assuming that to be so, we are of the opinion that the clear right given by such statute to the sureties to be made parties, and so to be heard, upon the question of what and how much should be charged against their principal, is a right of which they should not be deprived.

It is urged by the respondent that the sureties are not prejudiced by the omission to bring them in as such parties, because the decree

so rendered against the principal is only prima facie evidence against them; that, not being a conclusive adjudication as to them, they are still at liberty, when called upon to pay in accordance with its requirements, to contest the same, and show wherein its provisions and requirements are erroneous. But evidently this puts them in a false position with reference to the claim made against them. They are confronted with an apparent adjudication in favor of that claim, and the burden is thrown upon them of overcoming it. Every item charged upon such accounting against their principal is presumed to have been properly charged, and this presumption the sureties are required to overcome by proof. Such presumption has been obtained by the claimants in violation of the statute, and is one to which they are not entitled. It gives them an undue advantage over the sureties, and operates to their prejudice.

The order appealed from should be reversed, and the application of the sureties should be granted.